# State of Louisiana
## Secretary of State

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

08/14/2023

EMPLOYERS MUTUAL CASUALTY COMPANY
ATTN TODD A. STROTHER, GENERAL COUNSEL
717 MULBERRY ST
DES MOINES, IA 50309

Suit No. 137655
23RD JUDICIAL DISTRICT COURT
ASCENSION PARISH

BRIAN LINXWILER ET AL
vs
EMPLOYERS MUTUAL CASUALTY COMPANY

Dear Sir/Madam

I am enclosing a citation served in regard to the above entitled proceeding If you are not the intended recipient of this document, please return it to the above address with a letter of explanation All other questions regarding this document should be addressed to the attorney that filed this proceeding

Yours very truly,

R KYLE ARDOIN
Secretary of State

Served on: R. KYLE ARDOIN
Served by  B GARAFOLA

Date: 08/11/2023
Title: DEPUTY SHERIFF

**No: 1294659**

JN

## CITATION FOR PETITION

BRIAN LINXWILER et al                                 23RD JUDICIAL DISTRICT COURT

VERSUS                                                PARISH OF ASCENSION

EMPLOYERS MUTUAL CASUALTY COMPANY                     STATE OF LOUISIANA


DOCKET NUMBER: 00137655C

SERVE: **EMPLOYERS MUTUAL CASUALTY COMPANY**
      THROUGH AGENT: LOUISIANA SECRETARY OF STATE
      8585 ARCHIVES AVE
      BATON ROUGE, LA.  70809

PARISH OF EAST BATON ROUGE

**SERVED ON R. KYLE ARDOIN**
**AUG 11 2023**
**SECRETARY OF STATE COMMERCIAL DIVISION**

You are named as a defendant in the above captioned matter.  Attached to this citation is a:

**CERTIFIED COPY OF ORIGINAL PETITION**

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the 23rd Judicial District Court located at 607 E. Worthey St., Gonzales within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of th amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or within **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE**

This service was ordered by Attorney HAIR, GALEN M and was issued by the Clerk of Court on the 8TH day of AUGUST, 2023.

_____
Deputy Clerk of Court for
Bridget Hanna, Clerk of Court

**SHERIFF'S RETURN**

0015

Ascension
Bridget Hanna
Natalie Hanna
Suit# C-137,655
E-Filed on: 7/20/23 03:57 PM
Filed on: 7/21/23 09:01 AM
# of Pages:8

# 23ᴿᴰ JUDICIAL DISTRICT COURT FOR THE PARISH OF ASCENSION

## STATE OF LOUISIANA

NO. 137,655                                                    DIV.

**BRIAN LINXWILER, LINX ELECTRIC, L.L.C., and LINX TECHNICAL SERVICES LLC**

**VERSUS**     **DIVISION C**

**EMPLOYERS MUTUAL CASUALTY COMPANY**

FILED: _____     _____
                                    **DEPUTY CLERK**

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come Petitioners, Brian Linxwiler, individually and on behalf of Linx Electric, L.L.C. and Linx Technical Services LLC (hereinafter "Petitioners"), and files this Petition against Defendant, Employers Mutual Casualty Company (hereinafter "Defendant" or "EMC"), respectfully averring as follows:

**1.**

Made Plaintiff herein is **BRIAN LINXWILER**, an adult resident of the Parish of Ascension, State of Louisiana.

**2.**

Made Plaintiff herein is **LINX ELECTRIC, L.L.C.**, a domestic corporation licensed and authorized to do business and based in the Parish of Ascension, State of Louisiana, whose principal Member is **BRIAN LINXWILER**.

**3.**

Made Plaintiff herein is **LINX TECHNICAL SERVICES LLC**, a domestic corporation licensed and authorized to do business and based in the Parish of Ascension, State of Louisiana, whose principal Member is **BRIAN LINXWILER**.

Ascension
Bridget Hanna
Natalie Hanna
Suit# C-137,655
E-Filed on: 7/20/23 03:57 PM
Filed on: 7/21/23 09:01 AM
# of Pages:8

4.

Made Defendant herein **EMPLOYERS MUTUAL CASUALTY COMPANY**, an Iowa insurance company authorized to do and doing business in the State of Louisiana and the Parish of Ascension, which may be served through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II. JURISDICTION AND VENUE

5.

Jurisdiction is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure, Article 2.

6.

Venue is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure Article 42 and 23.

## III. RELEVANT FACTS

7.

At all times relevant hereto, Petitioners owned the property and business of Linx Electric, LLC located at 13811 Diversion Canal Road, St. Amant, Louisiana 70774 (the "Property").

8.

At all times relevant hereto, Defendant provided a policy of insurance, number 4A90870 (the "Policy"), to Petitioners, which covered the Property against perils including hurricanes and provided the following coverages: $568,383 for Dwelling; $51,500 for Contents; *inter alia*.

9.

On or around August 29, 2021, Hurricane Ida caused significant damage to Petitioners' Property.

10.

Petitioners promptly reported the loss to Defendant, who assigned it claim number 1680881 (the "Ida Claim").

Ascension
Bridget Hanna
Natalie Hanna
Suit# C-137,655
E-Filed on: 7/20/23 03:57 PM
Filed on: 7/21/23 09:01 AM
# of Pages:8

**11.**

As soon as practicable, Petitioners took steps to mitigate the damages to the property at their expense and to the best of their ability under the circumstances.

**12.**

On or about September 28, 2021, Christopher Cox, an adjuster from United Claims Service, inspected the Property on behalf of the Defendant and documented $9,512.42 in damages to the dwelling.

**13.**

This inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**14.**

On or about December 30, 2022, Complete Adjusting Services ("CAS") inspected the Property on behalf of Petitioners and documented $162,132.50 in damages to the dwelling as well as $49,319.08 in damages to contents.

**15.**

This inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22: 1892 and 22:1973.

**16.**

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**17.**

On or about May 19, 2023, a demand for the release of unconditional tenders along with the CAS estimate and photographs demonstrating the loss.

**18.**

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

Ascension
Bridget Hanna
Natalie Hanna
Suit# C-137,655
E-Filed on: 7/20/23 03:57 PM
Filed on: 7/21/23 09:01 AM
# of Pages:8

**19.**

As a result of Defendant's failure to timely and adequately compensate Petitioners for his substantial and covered losses, he was forced to incur the expense of retaining counsel and other expenses to prosecute his claim.

**20.**

As a result of Defendant's failure to timely and adequately compensate Petitioners for their substantial and covered losses, the Property remains in a state of disrepair.

**21.**

To date, Defendant has not tendered any insurance payments.

**22.**

Upon information and belief, Defendant's failure to timely and adequately compensate Petitioners for their loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

**23.**

Upon information and belief, Defendant purposely and/ or negligently misrepresented to Petitioners the terms and conditions of the Policy.

**24.**

Upon information and belief, Defendant conducted the investigation and claims handling for Petitioners' claims in bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**25.**

Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

**26.**

Upon information and belief, Defendant purposely or at least negligently failed to include adequate overhead and profit in its estimate of damages.

**27.**

Petitioners have incurred or will incur additional expenses in repairing the Property as a result of Defendant's failure to timely compensate him for his substantial and covered losses.

Ascension
Bridget Hanna
Natalie Hanna
Suit# C-137,655
E-Filed on: 7/20/23 03:57 PM
Filed on: 7/21/23 09:01 AM
# of Pages:8

**28.**

Petitioners have incurred or will incur professional expenses, including attorney's fees, to determine that Defendant wrongfully failed to adequately/ timely pay on their claims under the Policy.

### IV. CAUSES OF ACTION

#### A. Breach of the Insurance Contract

**29.**

Petitioners reallege and re-aver the allegations contained in the above paragraphs, as if restated herein.

**30.**

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds under the Policy.

**31.**

An insurance contract, the Policy, exists between Petitioners and Defendant.

**32.**

By purposely and/ or negligently failing to timely tender undisputed insurance proceeds, Defendant breached the insurance contract.

**33.**

By purposely and/ or negligently misrepresenting to Petitioners the terms and conditions of the relevant Policy, Defendant breached the insurance contract.

**34.**

By conducting the investigation and claims handling in bad faith, Defendant breached the insurance contract.

**35.**

By failing to adequately compensate Petitioners for damages to the Property, as required by the Policy, Defendant breached the insurance contract.

Ascension
Bridget Hanna
Natalie Hanna
Suit# C-137,655
E-Filed on: 7/20/23 03:57 PM
Filed on: 7/21/23 09:01 AM
# of Pages:8

**36.**

Petitioners have suffered and continue to suffer damages as a result of these breaches of the insurance contract.

### B. Bad Faith

**37.**

Petitioners reallege and re-aver the allegations contained in the above paragraphs as if restated herein.

**38.**

The actions and/ or inactions of Defendant in failing to adequately compensate Petitioners for the covered losses under the Policy were arbitrary, capricious, and without probable cause— as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

**39.**

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious, or without probable cause is in violation of La. R.S. § 22:1973.

**40.**

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

**41.**

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

**42.**

Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Petitioner adequate payment in connection with their damages, despite having received satisfactory proof of loss following its own inspection(s) of the Property and following receipt of independent proofs of loss from Petitioner.

Ascension
Bridget Hanna
Natalie Hanna
Suit# C-137,655
E-Filed on: 7/20/23 03:57 PM
Filed on: 7/21/23 09:01 AM
# of Pages:8

**43.**

Defendant's misrepresentation of the terms of the Policy was in bad faith.

**44.**

Defendant's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claim(s) was in bad faith.

**45.**

Defendant's handling of Petitioners' claim was in bad faith.

## V. DAMAGES

**46.**

Petitioners reallege and re-aver the allegations contained in paragraphs above, as if restated herein.

**47.**

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Petitioners have incurred the following, non-exclusive, damages:

a. Diminution of the value of the Property;

b. Actual repair costs;

c. Reimbursement for personal repairs/ mitigation at the Property;

d. Actual costs related to personal property manipulation, cleaning, repair, and/ or replacement;

e. Additional living expenses;

f. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

g. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**48.**

Petitioners request a trial by jury.

[Prayer for Relief, Signature of Counsel, and Service Instructions on next page]

Ascension
Bridget Hanna
Natalie Hanna
Suit# C-137,655
E-Filed on: 7/20/23 03:57 PM
Filed on: 7/21/23 09:01 AM
# of Pages:8

WHEREFORE, Petitioners, Brian Linxwiler, Linx Electric, L.L.C., and Linx Technical Services LLC, pray that Defendant, Employers Mutual Casualty Company, be served with a copy of this Petition and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Petitioners, Brian Linxwiler, Linx Electric, L.L.C., and Linx Technical Services LLC, against Defendant, Employers Mutual Casualty Company, in an amount that will fully and fairly compensate Petitioners pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

RESPECTFULLY SUBMITTED:

Galen M. Hair, La. Bar. No. 32865
Christopher G. Otten, La. Bar No. 32626
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Service Rd., W, Ste. 300
Metairie, Louisiana 70001
Telephone: 504.267.1736
hair@hstalaw.com
cotten@hstalaw.com

Please Serve:

**Employers Mutual Casualty Company**
*Through its Registered Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

A TRUE COPY
Darla Montreaut
Deputy Clerk & Recorder  8/8/2023
ASCENSION PARISH

Brian Linxwiler, et al. v. EMC, 23rd JDC, New Suit
Petition for Damages, Page 8 of 8